**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| FELISHA HOLLOWAY, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CHARLOTTE-MECKLENBURG ) <br> HOSPITAL AUTHORITY, d/b/a ) <br> CAROLINAS HEALTHCARE SYSTEM, ) <br> ) <br>         Defendant. ) <br> ) | **CIVIL ACTION NO** <br> **3:16-CV-00361-GCM** |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by the parties and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary and that good cause exists for the entry of an Order limiting the disclosure of such information;

IT IS THEREFORE ORDERED that:

1.     This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL INFORMATION." The Court understands that included in the types of information which may be sought or used by the parties in this case, is personnel file and other information protected by the North Carolina Public Hospital Personnel Act, N.C. Gen. Stat. § 131E - 257.2 (the "Personnel Act"). The Court hereby orders production of records and other information protected by the Personnel Act so long as those records and that information may be otherwise discoverable under the law.

1

2. Definitions:

a. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Fed. R. Civ. P. 34.

b. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

c. "Parties" means Plaintiff Felisha Holloway, and Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System.

d. "Confidential Information" as used herein includes financial and health records of Plaintiff and personnel records of current and former employees of The Charlotte-Mecklenburg Hospital Authority, the Court and the parties recognizing that those personnel records are confidential pursuant to the North Carolina Public Hospital Personnel Act, N.C. Gen. Stat. § 131E-257.2, and all proprietary, business or other commercially sensitive information, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition or otherwise, or delivered, produced or disclosed by any third party in response to a subpoena, deposition question or otherwise. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case. The definition of "Confidential Information" does not establish or create any presumption that such information is discoverable or admissible and this Order shall be without prejudice to the right of any party to oppose production of any information on any other ground.

3. A party or witness may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery that contains confidential information by affixing to

each page of every such document, by stamp or other method which will make the work conspicuous, the word "CONFIDENTIAL." In the case of deposition transcripts and exhibits, the parties may designate such materials as CONFIDENTIAL by a statement to that effect on the record by counsel for the party who claims that Confidential Information is about to be or has been disclosed, or by letter thereafter, submitted within twenty (20) days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately bound, and the words "CONFIDENTIAL" shall be placed thereon.

4. In the event confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation. Inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION shall not be deemed a waiver in whole or in part of its claim of confidentiality with respect to either the information so disclosed or any other related information.

5. Should a party object to the designation of any material as CONFIDENTIAL INFORMATION that party may apply to the Court for a ruling that the material shall not be so treated. Acceptance by a party of any confidential information, document or thing identified as CONFIDENTIAL INFORMATION hereunder shall not constitute a concession that the information, document or thing is CONFIDENTIAL INFORMATION. Either party may contest the right of the opposing party to designate documents as CONFIDENTIAL INFORMATION.

Any such objections shall be in writing and served upon the other party within thirty (30) days of receipt of such information, specifically identifying by bates number or otherwise each document as to which an objection is raised. If the designating party wishes thereafter to have the documents treated as CONFIDENTIAL INFORMATION, that party shall move for a protective order under Fed. R. Civ. P. 26(c) within twenty (20) days of receipt of the other party's objection; provided, however, that until the Court enters an order, if any, changing the designation of the material, it shall be treated as confidential as provided in this Order.

6. Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to the parties; counsel for the parties in this action; their legal assistants and other staff members; third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; reporters taking testimony and their support personnel; and experts (including in-house experts) consulted or assisting the parties in this action. Counsel for each party shall be responsible for notifying each individual to whom disclosure is made of his/her obligations and responsibilities under this Order. Prior to the disclosure of documents or other materials designated as CONFIDENTIAL INFORMATION pursuant to this Order, the party or non-party to whom the CONFIDENTIAL INFORMATION will be disclosed shall sign a statement of confidentiality in the form attached hereto as Exhibit A.

7. All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the prosecution or defense of the claims between the parties and shall not be used or disclosed by any person for any other purpose.

8. Prior to making disclosures to experts pursuant to paragraph 6 above, counsel shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of the claims between the parties only.

9. Any confidential material used at any deposition, hearing, trial or appellate proceeding of this matter shall be submitted under seal and maintained as confidential material unless directed otherwise by the Court. Additionally, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be marked "Confidential." As long as CONFIDENTIAL INFORMATION is handled in accordance with Paragraph 6 and all other aspects of this Order, this Order shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during such proceedings. Similarly, no party shall be deemed to have waived any objections to the admissibility of any CONFIDENTIAL INFORMATION into evidence with any proceeding in this action.

10. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the CONFIDENTIAL INFORMATION.

11. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of CONFIDENTIAL INFORMATION. Parties shall not duplicate any CONFIDENTIAL INFORMATION except to create working copies, deposition exhibits, or trial exhibits, for use in accordance with the terms of this Order.

12. Counsel may move for a modification of this Order at any time that the interests of justice appear to so require.

13. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of the litigation. However, in the absence of a final

order of the Court addressing the disposition of CONFIDENTIAL INFORMATION, the parties agree to destroy or return within sixty (60) days after the termination of this litigation, any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents.  Counsel for the parties may retain one copy of all documents to be kept in counsels' files and otherwise subject to the terms of this Order for purposes of complying with the applicable rules of professional conduct.

Signed: May 25, 2017

Graham C. Mullen
United States District Judge

s/ Kristen E. Finlon
N.C. Bar No: 39252
Finlon Law, PLLC
P.O. Box 9661
Charlotte, North Carolina 28299
Telephone: 980-221-1935
Email: kris@finlonlaw.com

**Attorney for Plaintiff**

s/ Philip A. Hinson
N.C. Bar No: 42907
Kevin V. Parsons
N.C. Bar No. 19226
Parsons Summa, A Partnership of PLLCs
15801 Brixham Hill Avenue, Suite 550
Charlotte, North Carolina 28277
Telephone: 704-557-9929

Email: phinson@parsonssumma.com
         KParsons@parsonssumma.com

**Attorneys for Defendant**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:16-CV-00361-GCM**

| | |
|---|---|
| FELISHA HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE CHARLOTTE-MECKLENBURG | ) |
| HOSPITAL AUTHORITY, d/b/a | ) |
| CAROLINAS HEALTHCARE SYSTEM, | ) |
| | ) |
| Defendant. | ) |

## AGREEMENT CONCERNING CONFIDENTIAL MATTERS

Having read the **CONSENT PROTECTIVE ORDER ("PROTECTIVE ORDER")** in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby. The undersigned further agrees not to reveal information designated as "Confidential" to anyone other than a Qualified Person as defined in the **PROTECTIVE ORDER** and agrees to use information designated as "Confidential" solely for the purpose of this Litigation and to refrain from disclosing any confidential information in a manner inconsistent with the **PROTECTIVE ORDER**.

_____     _____
Signature                                                                          Date

_____
Name (printed)